(112 App. Div. 449)

PEOPLE v. WOLF.

(Supreme Court, Appellate Division, Second Department. April 20. 1906.)

1. FISH—FISH AND GAME LAW—VIOLATION—ACTION TO RECOVER PENALTY—
PLEADINGS—QUESTIONS INVOLVED.

Where, in an action to recover the penalty provided by forest, fish, and game law, for possessing certain fish contrary to the provisions of section 47 of the law, as amended by Laws 1905, p. 585, c. 314, and providing that pickerel and wall-eyed and yellow pike shall not be taken or possessed from March 1st to April 30th, both inclusive, "provided that during the close season any person may buy, possess or sell pickerel or pike taken without the state if such person shall have a license from the commission so to do," issued after a bond has been approved and conditioned as in such section provided, and further provided "that any person purchasing during the close season of a dealer giving such bond may possess the same," the cause of action was limited by the complaint to the possession of certain fish during the close season by defendant, he not having a license and not having given a bond required, and the answer denied the alleged unlawful possession and averred that all the fish possessed by defendant during the time covered by the allegations of the complaint were taken without the state of New York and were purchased by him of a dealer who had duly given the bond and obtained the license, etc., the question of the resale by defendant of the fish was not involved.

2. SAME—DEFENSES—PROOF—STATUTORY CONSTRUCTION.

Under such section, defendant was not bound to prove that the fish in his possession were taken without the state.

Appeal from Trial Term, Suffolk County.

Proceeding by the people against Simon Wolf. From a judgment dismissing the complaint, the people appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Selah B. Strong, for the People.
C. F. Goddard, for respondent.

RICH, J. The action was brought to recover the penalty provided by the forest, fist, and game law for possessing wall-eyed pike and pickerel, contrary to the provisions of section 47, as amended by chapter 314, p. 585, of the Laws of 1905. This section provides that pickerel and wall-eyed and yellow pike shall not be taken or possessed from March 1st to April 30th, both inclusive, "provided that during the close season any person may buy, possess or sell pickerel or pike taken without the state if such person shall have a license from the commission so to do," issued after a bond has been given approved and conditioned as in such section provided, and further provided "that any person purchasing during the close season of a dealer giving such bond, may possess the same." The cause of action is limited, by the allegations of the complaint, to the "possession" of 32 wall-eyed pike and 10 pickerel during the close season by the defendant; he not having a license and not having given the bond required by the section referred to. The answer denied the alleged unlawful possession and averred that all wall-eyed pike and pickerel possessed by defendant during the time covered by the allegations of the complaint were taken without the state of New York and were purchased by him of a dealer who had duly given the bond and obtained the license provided for by said section 47.

It was stipulated upon the trial that Mizel & Brownell, wholesale fish dealers in the borough of Manhattan, had given a bond and procured a license authorizing them to sell pike and pickerel under the provisions of section 47, and the defendant testified, without contradiction, that he purchased the fish at the Fulton Market of Mizel & Brownell, at their regular sidewalk public auction. It was shown upon the trial that the defendant sold several of the fish. The learned trial justice found, however, that the question of the resale of the fish purchased by defendant from a licensed dealer was not involved in the action. In this he was clearly right. Upon the pleadings as they stood, no question based upon the selling of fish was before the court, and evidence of such sales having been made did not establish the plaintiff's right to a recovery. Judgment against the defendant was authorized only upon evidence of an unlawful "possession." The complaint was dismissed upon the merits. We think the findings are supported by the evidence, and the exceptions thereto are without merit.

The contention that the defendant was bound to prove that the fish in his possession were taken without the state is not well founded. It overlooks the provision of the statute which makes the possession of such fish lawful when purchased of a licensed dealer during the close season. It was not necessary for the defendant to prove more than that the fish were purchased from such a dealer. The rule contended for would make it incumbent upon every person purchasing fish from licensed dealers for family consumption to provide himself with proof that the specific fish purchased was taken without the state of New York, a construction of the statute not warranted, an intolerable hardship, and not within the intention of the lawmakers.

The judgment must be affirmed, with costs.